UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

CHRIS EDWARD LAROSA,

        Petitioner,               Case No. 1:08-cv-390

v.                                     Honorable Robert J. Jonker

BLAINE C. LAFLER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner Chris Edward LaRosa presently is incarcerated with the Michigan Department of Corrections and housed at the Boyer Road Correctional Facility. Petitioner currently is serving a term of 15 to 40 years, imposed by the Charlevoix County Circuit Court on February 27, 2004, after Petitioner pleaded guilty to one count of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(B). In exchange for his guilty plea, the prosecutor dismissed Counts II and III of the criminal complaint.

Petitioner alleges in paragraph nine of his petition that his attorney filed an untimely appeal in the Michigan Court of Appeals. He states that, as a result, he did not obtain direct review in either the Michigan Court of Appeals or the Michigan Supreme Court. According to the docket records of the Michigan Court of Appeals, however, a claim of appeal was filed by Attorney Gerald Ferry on March 12, 2004 in Case No. 254345. That appeal was administratively dismissed on April 14, 2004. Attorney Ferry subsequently filed a delayed application for leave to appeal to the Michigan Court of Appeals on May 3, 2004, in Case No. 255328. On June 17, 2004, the court of appeals denied the delayed application for leave to appeal. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on December 29, 2004.

According to paragraph 11 of his habeas application, Petitioner filed a motion for relief from judgment in the Charlevoix County Circuit Court, dated January 19, 2006.[1] (Pet. ¶ 11.) 2006. The circuit court denied the motion on June 8, 2006. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied leave on May 21,

---

[1] According to the attachments to his petition, however, Petitioner represented in his subsequent application for leave to appeal to the Michigan Court of Appeals that the motion was filed on February 1, 2006. (Pet., Att. 3 at 3, docket #1-5.) For purposes of this opinion, the Court will give Plaintiff the benefit of the earlier date.

2007. Petitioner sought reconsideration, which was denied on July 10, 2007. He filed an application for leave to appeal to the Michigan Supreme Court. The supreme court denied leave on November 29, 2007.

Petitioner filed his habeas application on or about April 12, 2008.[2]

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[3] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on April 12, 2008, and it was received by the Court on April 28, 2008. Thus, it must have been handed to prison officials for mailing at some time between April 12 and 28. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

[3]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the docket sheets of the Michigan Court of Appeals, Petitioner appealed his conviction to both the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on December 29, 2004. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 29, 2005.

Absent tolling, Petitioner had one year from March 29, 2005, in which to file his habeas application. As previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of the

application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence*, 127 S. Ct. at 1079. The statute is not tolled during the time that a petitioner petitions for writ of certoriari in the United Stated Supreme Court. Assuming Petitioner filed his motion for relief in the Circuit Court on January 19, 2006, the date listed in his petition, 296 days of the statutory period had expired by the time he filed. The period of limitations was tolled from January 19, 2006, until November 29, 2007, the date upon which the Michigan Supreme Court denied his application for leave to appeal. At that time, the running of Petitioner's statute of limitations period resumed, and it expired 69 days later on February 6, 2008. Because Petitioner did not file his habeas petition until at least April 12, 2008, his action is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to allege any facts or circumstances that would warrant equitable tolling. Petitioner argues that his attorney at sentencing and on direct appeal was late in filing the

appeal. He also asserts that he has now properly exhausted his claims in the state courts. For both reasons, he argues that his petition should not be considered time-barred. The argument is without merit. Petitioner was aware of any delay in filing his appeal at or near the time it occurred. Moreover, by the time Petitioner filed his motion for relief from judgment, he still had 69 days remaining in his statute of limitations, more than ample time in which to file his habeas petition after the Michigan Supreme Court denied leave to appeal. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (holding that thirty days is a reasonable amount of time for a petitioner to file a habeas petition in federal court after he has exhausted his state-court remedies).

Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  May 6, 2008                           /s/ Hugh W. Brenneman, Jr.
                                              HUGH W. BRENNEMAN, JR.
                                              United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).