UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS EDWARD LAROSA,

    Petitioner,                                        Case No.  1:08-CV-390

v.                                                     Hon. Robert J. Jonker

BLAINE C. LAFLER,

    Respondent.
_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4), and Petitioner's Objections (docket # 5).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *See also* 28 U.S.C. § 636(b)(1)(C) (Lexis through P.L. 110-180).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Petitioner's habeas corpus petition be denied because it is time barred by the one year limitations period of the Anti-Terrorism and

Effective Death Penalty Act. The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; Petitioner's Objections; and all other pertinent matters of record. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Petitioner's objections are fundamentally a recapitulation of the arguments already presented to and rejected by the Magistrate Judge. There is no new argument presented. Instead, Petitioner repeats the erroneous claim that he was denied direct appeal of his guilty plea conviction for first-degree criminal sexual conduct because of a late filing by his counsel, leaving him only with collateral attack options. In fact, his counsel filed a timely direct appeal that was administratively dismissed because Michigan does not permit direct appeals as of right from guilty plea convictions. In addition, Petitioner pursued his collateral attack options in state court with new counsel. Nothing in Petitioner's objections alters, or really even challenges, the fundamental correctness of the Magistrate Judge's conclusion that Petitioner's habeas petition in this case was filed after the one year statutory limitations period provided by 28 U.S.C. § 2244(d).

Petitioner's objections do not disclose any basis for the application of equitable tolling of the limitations period. Under *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), Petitioner has the burden of establishing equitable tolling, and to meet it he must show not only that he has been diligently pursuing his rights, but also that some extraordinary circumstance stood in his way of doing so in a timely way. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."). The Sixth Circuit has cautioned that equitable tolling is a doctrine that should be applied

2

sparingly. *See, Dunlap*, 250 F.3d at 1008-09. Petitioner has failed to meet his burden in this case. Petitioner articulates no real reason for his delay. Nor does he even attempt to establish any extraordinary circumstance standing in his way. Petitioner simply recites his dissatisfaction with his trial court counsel, and his disagreement with the State of Michigan's public policy decision to deny direct appeals as of right on guilty plea convictions. Neither circumstance justifies equitable tolling.

### *Certificate of Appealability*

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED. R. APP. P. 22(b)(1). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S.

at 484.  But when a district court denies a habeas claim on procedural grounds without addressing the claim's merits, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484 (emphasis added).  If the district court invokes a plain procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Id*.

The Court is denying Petitioner's petition on the plain procedural ground of statute of limitations without addressing the claim's merits.  The Court is invoking a plain procedural bar to dispose of the case, and Petitioner cannot make the required substantial showing because "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id*.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus is **DENIED** because it is barred by the one-year statute of limitations; and a certificate of appealability is **DENIED**.

Dated:   September 3, 2008            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE